IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:22-cv-00908-SKC

C.M.M.,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

---

OPINION & ORDER

---

This action is before the Court under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.*, for review of the Commissioner of Social Security's ("Commissioner" or "Defendant") final decision denying Plaintiff C.M.M.'s[1] applications for disability insurance benefits (DIB) and supplemental security income (SSI). The Court has carefully considered the parties' briefs, the social security administrative record, and applicable law. No hearing is necessary.

Because the ALJ applied the correct legal standards and substantial evidence in the record supports her findings and the Final Decision, the Court AFFIRMS the Final Decision. Any error committed by the ALJ was harmless.

---

[1] This Opinion & Order identifies Plaintiff by initials only per D.C.COLO.LAPR 5.2.

## BACKGROUND

This action arises from Plaintiffs applications for DIB and SSI under the Social Security Act claiming she became disabled beginning February 12, 2016. Plaintiff appeared and testified at an administrative law hearing on October 7, 2021, before Administrative Law Judge Jennifer Millington (ALJ). Attorney Richard Sans Soucy represented Plaintiff at the hearing.

The ALJ issued her written Decision on October 20, 2021. Dkt. 8-2.[2] She determined Plaintiff had not been under a disability from the February 12, 2016, onset date through the date of her Decision. Plaintiff then requested review by the Appeals Council, which denied her request, and in doing so, the ALJ's Decision became the Final Decision of the Commissioner of Social Security. 20 C.F.R. § 404.981; *Nelson v. Sullivan*, 992 F.2d 1118, 1119 (10th Cir. 1993) (citation omitted). Plaintiff then timely filed this action. The Court has jurisdiction to review the Final Decision under 42 U.S.C. § 405(g).

---

[2] The Court uses "Dkt. __" to refer to specific docket entries in CM/ECF and uses "AR: __" to refer to documents in the administrative record. The administrative record may be found at Dkt. 11.

2

## DIB/SSI FRAMEWORK[3]

A person is disabled within the meaning of the Social Security Act "only if [her] physical and/or mental impairments preclude [her] from performing both [her] previous work and any other 'substantial gainful work which exists in the national economy.'" *Wilson v. Astrue*, No. 10-cv-00675-REB, 2011 WL 97234, at *1 (D. Colo. Jan. 12, 2011) (citing 42 U.S.C. § 423(d)(2)). "The mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months." *Id.* "[F]inding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can hold whatever job he finds for a significant period of time." *Fritz v. Colvin*, 15-cv-00230-JLK, 2017 WL 219327, at *8 (D. Colo. Jan. 18, 2017) (emphasis original) (quoting *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994)).

---

[3] Throughout this Opinion, while the Court may cite relevant sections of Part 404 of Title 20 of the Code of Federal Regulations (which contain the Commissioner's regulations relating to disability insurance benefits), identical, parallel regulations can be found in Part 416 of that same title, relating to supplemental security income benefits.

3

The Social Security Regulations outline a five-step process to determine whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made based on the claimant's age, education, work experience, and residual functional capacity.

*Wilson*, 2011 WL 9234, at *2 (citing 20 C.F.R. § 404.1520(b)–(f)); *see also* 20 C.F.R. § 416.920; *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). Impairments that meet a "listing" under the Commissioner's regulations (20 C.F.R. § Pts. 404 and 416, Subpt. P, App. 1) and a duration requirement are deemed disabling at Step Three with no need to proceed further in the five-step analysis. 20 C.F.R. § 416.920(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step."). Between the Third and Fourth steps, the ALJ must assess the claimant's residual functional capacity (RFC). *Id.*

§ 416.920(e). The claimant has the burden of proof in Steps One through Four. The Commissioner bears the burden of proof at Step Five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

The ALJ's Decision tracks the five-step process. At Step One, she found Plaintiff had not engaged in substantial gainful activity (SGA) since the alleged onset date. AR: 17. At Step Two, she found Plaintiff has the following severe, medically determinable impairments: autism spectrum disorder. *Id.* at 18. At Step Three, she found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* She then found Plaintiff has the RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to understanding, remembering, and concentrating to carry simple and detailed, but not complex tasks. She can have occasional work interactions with coworkers and supervisors but rare to no work interactions with the public. She can adapt to occasional changes in a routine work environment.

*Id.* at 19.

At Step Four, the ALJ determined Plaintiff was unable to perform any past relevant work. *Id.* at 23. And at Step Five, she found there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, including laundry worker, folder, and hand packager. *Id.* at 24. Accordingly, the ALJ determined Plaintiff was not disabled during the relevant period.

## STANDARD OF REVIEW

In reviewing the Commissioner's Final Decision, the Court's

> review is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is more than a scintilla, but less than a preponderance.

*Lee v. Berryhill*, 690 F. App'x 589, 590 (10th Cir. 2017) (internal quotations and citations omitted, citing *inter alia Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive").

A court may not reverse an ALJ just because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing the ALJ's decision was justified. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "We review only the sufficiency of the evidence, not its weight . . . . Although the evidence may also have supported contrary findings, we may not displace the agency's choice between two fairly conflicting views." *Lee*, 690 F. App'x at 591-92. Nevertheless, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992) (internal citation omitted). A reviewing court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067,

6

1070 (10th Cir. 2007). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) (internal citation omitted).

## ANALYSIS

Plaintiff makes two arguments assigning error to the ALJ: (1) the ALJ's RFC is not supported by substantial evidence because she ignored favorable portions of the opinions of the two state agency psychological consultants; and (2) her determination of the existence of other available work in the national economy is not supported by substantial evidence because the RFC differs from the hypothetical posed to the vocational expert (VE) at the hearing.

**1.     The RFC Findings**

The ALJ relied on two medical source opinions at issue in this appeal, both of which she found "largely persuasive." AR: 22. One was by Dr. Jones, a state agency psychological consultant. In July 2020, Dr. Jones opined, in relevant part, that Plaintiff "can relate to supervisors and peers on a *superficial work basis*[.]" *Id.* at 91 (emphasis added). The other opinion was by Dr. Suyeishi, also a state agency psychological consultant. In November 2020, Dr. Suyeishi opined, in relevant part, that Plaintiff "cannot work closely with supervisors or coworkers" but "can accept supervision and relate to coworkers *if contact is not frequent or prolonged*." *Id.* at 111 (emphasis added).

Finding these opinions "largely persuasive" and "largely consistent with one another," the ALJ relied on these opinions when determining that Plaintiff had the RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to understanding, remembering, and concentrating to carry simple and detailed, but not complex tasks. She can have occasional work interactions with coworkers and supervisors but rare to no work interactions with the public. She can adapt to occasional changes in a routine work environment.

*Id.* at 19 and 22.

Plaintiff argues the ALJ erred because she limited Plaintiff to "occasional work interactions" but did not limit those interactions to "being superficial or not closely working together." Dkt. 10 at p.8. Defendant argues that Plaintiff is claiming a "distinction without a difference," there is no requirement the RFC mirror any particular medical opinion, and the RFC is "substantively consistent" with the medical opinions. Dkt. 11 at pp.9-10. The Court agrees with Defendant.

"A medical opinion is a statement from a medical source about what [a claimant] can still do despite [their] impairment(s) and whether [a claimant has] one or more impairment-related limitations or restrictions in the . . . ability to perform physical demands . . . [and] mental demands of work activities[.]" 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). Under the revised regulations, the ALJ does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20

8

C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, "the ALJ considers the persuasiveness of those opinions using five factors: supportability; consistency; relationship with the claimant; specialization; and other factors such as 'a medical source's familiarity with the other evidence in a claim.'" *Mileto v. Comm'r, SSA*, No. 21-1403, 2022 WL 17883809, at *2 (10th Cir. Dec. 23, 2022) (citing *Id.* §§ 404.1520c(c), 416.920c(c)).

The Court finds the RFC developed by the ALJ is materially consistent with both Dr. Jones' and Dr. Suyeishi's respective opinions. First, the RFC limits Plaintiff to "*occasional* work interactions with coworkers and supervisors[.]"AR: 19 (emphasis added). This is consistent with Dr. Suyeishi's opinion that Plaintiff "cannot work closely with supervisors or coworkers" but "[s]he can accept supervision and relate to coworkers if contact is not frequent or prolonged." *Id.* at 111. Indeed, "occasional" is defined as "encountering, occurring, appearing or taken at irregular or infrequent intervals," encompassing the material aspects of Dr. Suyeishi's opinions.[4]

Second, while the ALJ did not use the term "superficial" as did Dr. Jones when he opined that Plaintiff "can relate to supervisors and peers on a superficial work basis," she accounted for the superficial in her RFC findings. The ALJ not only limited Plaintiff's work interactions to the "occasional," but she also included nonexertional limitations which limit Plaintiff to "understanding, remembering, and concentrating to carry *simple* and detailed, *but not complex tasks.*" *Id.* at 19 (emphasis added). When

---

[4] *See* Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/occasional

9

read as a whole, the Court finds the RFC accounts for both the qualitative and quantitative aspects of the medical source opinions the ALJ found largely persuasive. *See, e.g., Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016) (noting the Tenth Circuit has held an ALJ can account for moderate limitations by limiting a claimant to particular kinds of work activity); *Curvin v. Colvin*, 778 F.3d 645, 650 (7th Cir. 2015) (an ALJ's opinion must be read as a whole). In other words, the Court perceives no material difference between Dr. Jones' opinion that Plaintiff "can relate to supervisors and peers on a *superficial work basis*," and the RFC's limitations to "*occasional* work interactions with coworkers and supervisors" on a work basis limited to "*simple . . . but not complex* tasks."

To be sure, when posing the hypothetical to the vocational expert (VE) during the hearing, the ALJ included a hypothetical person

> who is not exertionally limited, but would be limited to understanding, remembering and carrying out simple and detailed, but not complex tasks, could have *occasional and superficial work interactions* with coworkers and supervisors, but rare to no work interactions with the public and the individual could adapt to occasional changes in a routine work setting.

*Id.* at 55-56 (emphasis added). The VE testified a hypothetical person with these limitations could perform other jobs in the national economy such as laundry worker I (medium, unskilled, SVP 2), folder (light, unskilled, SVP 2), and hand packager (medium, unskilled, SVP 2). *Id.* at 56. The ALJ cited these jobs at Step Five when concluding there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* at 23-24. Thus, even assuming the ALJ erred by failing

10

to use the term "superficial" in her RFC findings, the error was harmless because she used the term when posing the hypothetical to the VE. And ultimately, the RFC as a whole sufficiently accounts for the superficial by limiting Plaintiff to occasional contact with co-workers and supervisors and simple, but not complex, tasks. The Court has reviewed the administrative record and finds substantial evidence in the record supports these findings and the RFC.

## 2. The ALJ's Step Five Analysis

As noted above, after posing a hypothetical to the VE that included "occasional and superficial work interactions" (in addition to other limitations), the ALJ, relying on the VE's testimony, found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR: 23-24, 55-56. Plaintiff argues the VE's testimony does not constitute substantial evidence because the hypothetical differed from the RFC because the hypothetical included "superficial" while the RFC does not. Defendant argues that even if the hypothetical given to the VE included greater limitations as Plaintiff claims, it would not change the fact that Plaintiff could perform those jobs with the limitations found by the ALJ. The Court again agrees with Defendant.

At Step Five, it is the Commissioner's burden to establish that—considering the plaintiff's age, education, work experience, and RFC—work exists in significant numbers in the national economy that the plaintiff can perform. *Dikeman v. Halter*, 245 F.3d 1182, 1186 (10th Cir. 2001); *Barrett v. Astrue*, 340 F. App'x 481, 487 (10th

11

Cir. 2009). An ALJ may use a VE at Step Five to provide an opinion about the plaintiff's ability to perform work in the national economy. *See Winfrey v. Chater*, 92 F.3d 1017, 1025 (10th Cir. 1996). This is customarily achieved by the ALJ posing a hypothetical to the VE that includes all the limitations from the ALJ's RFC determination. An ALJ may rely on the VE's testimony as substantial evidence if the hypothetical posed to the VE contained each of the RFC limitations. *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) (noting the VE's answer to a hypothetical question that included all the limitations from the RFC assessment provided a proper basis for the ALJ's disability decision); *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) ("[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.") (internal quotations and citation omitted); *Grotendorst v. Astrue*, 370 F. App'x 879, 883 (10th Cir. 2010) ("[T]he hypothetical questions posed to the VE to assist with the step-five determination must reflect with precision all—and only—the impairments and limitations borne out by the evidentiary record.") (internal quotations and citation omitted).

The only burden on the Commissioner at Step Five is to prove there is other work the plaintiff can perform; this burden shifting at Step Five does not shift the plaintiff's burden to prove their RFC. 20 C.F.R. § 416.960(2) ("We are not responsible for providing additional evidence about your residual functional capacity because we

will use the same residual functional capacity assessment that we used to determine if you can do your past relevant work.").

The hypothetical the ALJ posed to the VE precisely contained each of the limitations from the RFC, and therefore, the VE's testimony is substantial evidence in the record supporting the ALJ's findings. *Compare* AR: 19 *with* AR: 55-56. The hypothetical arguably contained more limitations because the ALJ included reference to "superficial work interactions" in the hypothetical, but not expressly in the RFC. But the Court finds no error because it has already determined the RFC as a whole sufficiently accounts for this limitation by limiting Plaintiff to occasional contact with co-workers and supervisors around simple, but not complex, work tasks. Even if the Court assumes error, it is harmless because if the hypothetical included greater limitations as Plaintiff claims, it would not change the fact that Plaintiff could perform the jobs identified by the VE (and relied on by the ALJ) with the limitations found by the ALJ in her RFC findings. *Cf. Lane v. Colvin*, 643 F. App'x 766, 770 (10th Cir. 2016) (finding an ALJ's error in not incorporating all the doctor's limitations into the residual functional capacity finding harmless where the vocational expert identified jobs a person with those additional limitations could perform); *Bainbridge v. Colvin*, 618 F. App'x 384, 391 (10th Cir. 2015) ("We need not resolve whether the ALJ should have included the additional manipulative limitations because, even if she should have, the error was harmless. . . . The VE testified that the additional

manipulative limitations would not preclude work as a surveillance system monitor . . . .).

\*   \*   \*

For the reasons shared above, the Court is satisfied that the ALJ considered all relevant facts, applied the correct legal standards, and that the record contains substantial evidence from which the Commissioner could properly conclude under the law and regulations that Plaintiff was not disabled within the meaning of Titles II and XVI of the Social Security Act.

Accordingly, IT IS ORDERED that the Commissioner's Final Decision is AFFIRMED and this civil action is DISMISSED, with each party paying their own fees and costs.

DATED: February 14, 2024

BY THE COURT:

S. Kato Crews
United States District Judge